UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM C. BURNS** | **CIVIL ACTION NO. 06-0114** |
| **VS.** | **SECTION P** |
| **WARDEN, FRANKLIN PARISH DETENTION CENTER** | **JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on January 18, 2006, by *pro se* petitioner William C. Burns. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center where he is serving a hard labor sentence imposed on January 24, 2006 following his guilty plea to a charge of attempted possession with intent to distribute marijuana in the Fifth Judicial District Court, Winnsboro.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On December 6, 2005, petitioner entered into a plea agreement negotiated by his attorney, James Stephens and the District Attorney of the Fifth Judicial District, Johnny Boothe. Petitioner pled guilty to attempted possession with intent to distribute marijuana and, on January 24, 2006, he was sentenced to serve ten years at hard labor; all but two years were suspended and upon his release, petitioner will be on supervised probation for a period of five years. [Doc. 3-1, paragraphs 1-5]

Petitioner did not appeal his conviction or sentence [Doc. 3-1, paragraph 6]; nor has he

1

applied for post-conviction relief in the Louisiana courts. [id., paragraph 7]

On January 18, 2006, petitioner submitted a hand-written pleading suggesting thereby his intention to file a civil rights complaint pursuant to 42 U.S.C. §1983. Petitioner complained that although he had filed a motion for a preliminary examination and a motion for discovery, "...the Judge did not give [him] the motions..." [Doc. 1-1] He also claimed that "[i]t took them six extra months to come up with a warrant and the motion that I filed may not be on record also." Petitioner also alleged that he was "pressured" into accepting the plea agreement because his attorney was not doing his job. [id.]

Because the pleading did not conform with court rules, on January 31, 2006, Magistrate Judge and Clerk of Court Robert H. Shemwell, Sr., ordered petitioner to submit his pleadings on the proper form. [Doc. 2] On February 13, 2006, plaintiff complied with that order and submitted his petition on the form used for habeas corpus petitions filed pursuant to 28 U.S.C. §2254. Petitioner raises the following claims: (1) Petitioner was not afforded a hearing on his motion for preliminary hearing and his motion for discovery; (2) petitioner was pressured into accepting the plea agreement; and, (3) petitioner was denied due process of law. [Doc. 3-1, paragraph 5]

## **LAW AND ANALYSIS**

Title 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\*   \*   \*

> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the meaning of
> this section, if he has the right under the law of the State to raise,
> by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982),

cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented <u>any</u> of his federal *habeas* claims to the Louisiana Supreme Court, or to any Louisiana Courts, for that matter. Absent a showing that state remedies are either unavailable or inadequate, he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of <u>mixed</u> *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 9th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE